

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3224
Re: Witness Fees

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"House Bill No. 214, Acts of the Regular Session of the Forty-Seventh Legislature, amends Article 1036, C.C.P. so that Section 1 thereof reads as follows:

"'Any witness who may have been subpoenaed, or shall have been recognized or attached and given bond for his appearance before any court, or before any grand jury, out of the county of his residence, to testify in a felony case, regardless of disposition of said case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed three (3) cents per mile going to and returning from the court or grand jury, by the nearest practical conveyance, and two ($2.00) dollars per day for each day he may necessarily be absent from home as a witness in such case;'

"The question has arisen in this department as to whether a witness traveling to such court or grand jury on a railway pass or in a state automobile would be entitled to the three cents per mile as indicated in the above quoted section of Article 1036, C.C.P.

"In some instances witnesses are carried
to court by peace officers or state patrolmen
in state owned automobiles. Would such wit-
ness be entitled to his three cents a mile?"

Prior to its amendment, Section 1 of Article 1036,
V.A.C.C.P., provided that such witness:

". . . shall be allowed his actual tra-
veling expenses, not exceeding 4 cents per
mile going to and returning from the court
or grand jury, by the nearest practical con-
veyance, and two dollars per day for each
day he may necessarily be absent from home
as a witness in such case."

You are respectfully advised that it is the opinion
of this department that such witnesses would be entitled to
three cents per mile going to and returning from the court
or grand jury by the nearest practical conveyance. Whether
they travelled on a railway pass, with peace officers, in
state owned automobiles, or in their own automobiles would
be immaterial.

However, we wish to point out that State employees
cannot claim traveling expenses from the State and also
from the court in State cases. See Subdivision 12(a) of
Section 2 of the Departmental Appropriation Bill, 47th Legis-
lature of Texas, which reads as follows:

"a. No traveling expenses shall be
claimed, allowed, or paid unless incurred while
traveling on State business. Any State
official or employee entitled to traveling
expenses out of State appropriations herein
made, who is legally or officially required
to be present at the trial of any State case,
shall not claim traveling expenses from the
State and also from the Court wherein said
case is pending. If by oversight, duplicate
claims are filed for said traveling expenses
and collected, then said officers or
employees shall reimburse and refund to
the State Treasurer an amount equal to the

Honorable George H. Sheppard, Page 3

respective amount collected under such witness fees and mileage claim."

Very truly yours

APPROVED JUL 17, 1942

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By        Wm. J. Fanning
                Assistant

WJF:eaw



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN